# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAVID E. LETO,**

        **Plaintiff,**

**-vs-**                                               **Case No. 6:05-cv-904-Orl-31KRS**

**C.D.C. ACQUISITION CORPORATION &**
**FRED M. BLAICHER, JR.,**

        **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES (Doc. No. 10)**
>
> **FILED:**      **July 28, 2005**
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

Plaintiff David E. Leto seeks to strike the First, Second and Fourth Affirmative Defenses set forth in the answer filed by Defendant C.D.C. Acquisition Corporation ("C.D.C."). C.D.C. agrees that the Fourth Affirmative Defense should be stricken as to it, because this affirmative defense applies only to Defendant Fred. M. Blaicher, Jr. Therefore, the motion is **GRANTED** as to the Fourth Affirmative Defense, and the Fourth Affirmative Defense is stricken as to C.D.C.

With respect to the motion to strike the First and Second Affirmative Defenses, I note that "[m]otions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1380 (3d ed. 2004) (footnotes omitted). "[E]ven when the defense seems to present a purely legal question, federal courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as best determined only after further development by way of discovery and a hearing on the merits . . . ." *Id.* § 1381 (footnotes omitted). The First and Second Affirmative Defenses arise from facts not fully developed in the answer. These facts include the nature of the money paid to Leto that is asserted to be a "setoff, offset, or deduction" in the First Affirmative Defense and the circumstances under which the payment was made that underlie the "accord and satisfaction" asserted in the Second Affirmative Defense. Accordingly, the motion is **DENIED** as to the First and Second Affirmative Defenses.

**DONE** and **ORDERED** in Orlando, Florida on August 17, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties